### KENNY v. KENNY.

No. 22048.     Feb. 19, 1935.

Rehearing Denied April 9, 1935.

Application for Leave to File Second Petition for Rehearing Denied May 21, 1935.

H. P. White, John Adams, and Wm. C. Grace, for plaintiff in error.

S. T. Carman and Chas. B. Wilson, for defendant in error.

RILEY, J. This is an appeal from a judgment and decree granting defendant in error a divorce and division of property.

It appears from the record that defendant in error is an Osage Indian. Plaintiff in error is a white woman. They were married about September, 1909, at Winfield, Kan.

On February 12, 1930, plaintiff commenced this action for divorce in the district court of Osage county, alleging therein that he had been an actual resident in good faith of the state of Oklahoma for more than one year, and was then an actual resident in good faith of Osage county. Defendant appears to have been a resident of Logan county.

Summons and alias summons were issued and returned not found. Service was thereafter obtained by publication. Special appearance and motion to quash service of summons was filed and overruled. No exception was saved to the order overruling said motion to quash.

There is, therefore, nothing before this court on that question.

Thereafter a special appearance and objection to the jurisdiction of the court was filed. The reason set out was that there was then an action pending in the district court of Logan county between the same parties, brought by defendant herein for separate maintenance, support, and attorney's fee, in which the matters and things set forth in the petition in the instant case could properly, and should be, litigated.

The court overruled this objection, retained jurisdiction, and other issues were joined; the cause was tried, resulting in a decree of divorce for plaintiff, refusal to allow defendant any property of the plain-

tiff other than that which had theretofore been received by her, and denying attorney's fee for defendant.

From this judgment and decree, defendant appeals.

The principal questions involved are as to the jurisdiction of the court and the disposition of the property. The evidence on the question of the right of plaintiff to a divorce is conflicting, but as a whole it cannot be said that the decree granting the divorce is clearly against the weight of the evidence, and that question will not be considered further. It appears from the record that plaintiff is an Osage Indian; that defendant, on or about January 4, 1926, something more than four years before this action was commenced, did commence an action in the district court of Logan county against plaintiff, alleging in her petition sufficient grounds to obtain a divorce, but prayed for only separate maintenance. Summons was served in that case February 25, 1927. Although the defendant in that action, plaintiff herein, was in default for want of an answer for nearly three years, nothing further was done in that case until February 14, 1930, two days after the petition was filed in the instant case in Osage county, but before service of summons in this case, when plaintiff therein, defendant in this action, asked and obtained leave to file a supplemental petition. Part of that time they lived together as man and wife, and apparently the husband had maintained her to her satisfaction, at least, until sometime about December, 1929, when their final separation seems to have taken place.

The trial court, in effect, in overruling the plea of defendant as to jurisdiction, held that defendant had abandoned her action brought in Logan county. In this we think the court was justified. Evidently the attempt to revive the action was for the purpose of meeting the action filed by plaintiff in Osage county. It is true that the husband could, had he so desired, by answer and cross-petition in the case in Logan county, set up any cause he may have had for a divorce, and the court would have had power to grant him a divorce if the facts and evidence warranted it. But both parties appear to have treated the action in Logan county as abandoned for some three years or more.

It is generally held that a prior suit is not grounds for the abatement of a second suit where it had been allowed to become dormant, or had been discontinued, or where such prior suit had been treated by the court and attorneys as dismissed, although no formal order of dismissal was made. 1 C. J. 97; Indianapolis & St. L. Ry. Co. v. Stout, 53 Ind. 143.

The rule is quite well established that where a husband and wife each sue for a divorce in different courts, both of which have jurisdiction to grant such divorce, the court which first acquires jurisdiction is the only court that can award relief, and the second suit should abate.

It is said to be a familiar principle that when a court of competent jurisdiction acquires jurisdiction of the subject-matter of a cause, its authority continues until the matter is finally and completely disposed of. But it does not follow that where an action is permitted to lay dormant and is treated as abandoned by the parties, it may be revived by the party who instituted and abandoned it, to defeat an action later brought by the other party in a different court.

It is next contended that the trial court had no jurisdiction because plaintiff in this action was not in fact a resident of Osage county. The petition of plaintiff contained the necessary jurisdictional allegation in this regard, and plaintiff's evidence sustains the allegation. He testified that his residence was in fact on the farm which he owned in Osage county; that although he had in fact lived in Logan county for some years, yet it was always against his will; that he always desired to live on the farm. He had actually been there at least from December, 1929. There was ample evidence to sustain his contention that he was an actual resident in good faith of Osage county, at least, after his final separation from his wife in December, 1929.

As to the division of property, the trial court found and held that defendant had and possessed a great deal of real estate of the plaintiff; that she possessed at least $33,000 in cash or securities coming from property of plaintiff or the proceeds thereof, and that plaintiff had theretofore made full and ample provision for her.

In other words, the court found that defendant had already obtained a fair share of the property of plaintiff. It denied her any further sum as alimony. The evidence fully justifies such finding. She had obtained some $40,000, or more, in cash, securities, and real estate. The court was fully justified in such finding and holding.

As to attorney's fee, such matters are

largely within the discretion of the trial court.

It appears that defendant had and possessed ample means to pay her attorneys a reasonable fee. In such circumstances, we are not inclined to disturb the order of the trial court.

The court allowed defendant the sum of $30 per month for the support and maintenance of the adopted daughter of the parties. This was a fair allowance, and may in the future be increased or diminished as the facts may warrant.

On the whole, the judgment and decree of the trial court was fair and just, as we view the record, and is in all things affirmed.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.